KONENKAMP, Justice.
[¶ 1.] Law enforcement officers in Rapid City conducted a trash pull of defendant’s garbage over five months after obtaining information that led them to believe he was committing a crime. After finding evidence of a controlled substance in the trash, the officers obtained a warrant to search defendant’s home. The search revealed more evidence, and defendant was indicted. Defendant moved to suppress the evidence claiming that he had a protected privacy interest in his trash and the officers did not have reasonable suspicion to search it. The circuit court suppressed the evidence. The State appeals, and we reverse.
Background
[¶ 2.] In July 2004, Officer Kraig Wood received information that Wayne Stevens (defendant) had an altercation with Troy Klug, who shortly thereafter went missing. Officer Wood believed that this altercation was related to drugs and to Klug’s disappearance. On July 28, 2004, Officer Wood interviewed defendant about the altercation and his association with Klug. The officer also asked defendant about his association with Troy Tiegen and Cynthia Kindall, who knew Klug through their use and sale of methamphetamine. Defendant admitted to Officer Wood that approximately two weeks earlier he and Klug had a disagreement over $800 that Klug owed him. Defendant, however, denied any involvement in Klug’s disappearance. He also denied knowing Kindall, but admitted to having a limited association with Tiegen. Officer Wood did not investigate defendant any further after the July 28 interview. The missing persons’ investigation on Klug, however, continued.
[¶ 3.] Over five months later, on January 14, 2005, Officer Wood decided to conduct a search of defendant’s trash, which was set out by the curb for collection in front of his residence. The officer told the city-employed garbage collector to empty his trash hopper before picking up defendant’s trash. After defendant’s trash was collected, the officer instructed the employee to drive a few blocks where he would obtain it from the employee. Officer Wood took the trash to a county shop where he and another investigator sorted through it looking for drug-related items. The officers found an empty pen body containing a white substance, which was later determined to be methamphetamine hydrochloride. The officers also found two pieces of mail with defendant’s name and address, thus validating that the trash was collected from his residence.
[¶ 4.] Based on the trash search and the information from the July 28 interview, Officer Wood obtained a warrant to search defendant’s home. During the search, the officers found drug paraphernalia and methamphetamine. Defendant was indicted for possession of a controlled substance and possession of drug paraphernalia. He moved to suppress the evidence alleging *346 that Officer Wood had no reasonable suspicion to search his trash. He also claimed that because the trash search lacked reasonable suspicion there was no probable cause to issue the search warrant. The circuit court suppressed the evidence, concluding that (1) defendant had a limited privacy interest in his trash, (2) the officers lacked reasonable suspicion for the trash search, and (3) the search of defendant’s home lacked probable cause.
Standard of Review
[¶ 5.] “ ‘A motion to suppress for an alleged violation of a constitutionally protected right raises a question of law, requiring de novo review.’ ” State v. Hess, 2004 SD 60, ¶ 9, 680 N.W.2d 314, 319 (quoting State v. Herrmann, 2002 SD 119, ¶ 9, 652 N.W.2d 725, 728 (citations omitted)); State v. Tofani, 2006 SD 63, ¶24, 719 N.W.2d 391, 398. Findings of fact are reviewed under the clearly erroneous standard. Tofani, 2006 SD 63, ¶24, 719 N.W.2d at 398. Yet, “the application of a legal standard to those facts” is reviewed de novo. Hess, 2004 SD 60, ¶ 9, 680 N.W.2d at 319 (citing State v. Lamont, 2001 SD 92, ¶ 12, 631 N.W.2d 603, 607 (citation omitted)).
Analysis and Decision
[¶ 6.] In its appeal, the State contends that defendant had no expectation of privacy in the trash searched, based on our holding in State v. Schwartz, 2004 SD 123, ¶ 17, 689 N.W.2d 430, 435-36. The State further asserts that the circumstances here are analogous to those in Schwartz, in that defendant has failed to present sufficient evidence to satisfy the two-part test for recognizing a privacy interest deserving of constitutional protection. See id. Defendant, on the other hand, claims that Schwartz is distinguishable because law enforcement officers here did not have reasonable suspicion before searching his trash, and the citizens of Rapid City would recognize a limited privacy interest in their trash.
[¶ 7.] In Schwartz, we examined whether a privacy interest exists in one’s trash based on the language of the South Dakota Constitution and the United States Constitution. 2004 SD 123, ¶¶ 13-16, 689 N.W.2d at 434-35. We recognized that the Fourth Amendment to the United States Constitution and Article VI, section 11 of our constitution “prohibit unreasonable searches and seizures by government officials.” Id. ¶ 11. However, to implicate these constitutional protections, “[a]n individual must have a reasonable expectation of privacy in the place searched or article seized.... ” State v. Christensen, 2003 SD 64, ¶ 11, 663 N.W.2d 691, 694 (citing Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)).
[¶ 8.] In Schwartz, we acknowledged that the United States Supreme Court, in California v. Greenwood, 486 U.S. 35, 39, 108 S.Ct. 1625, 1625, 100 L.Ed.2d 30 (1988), declined to extend constitutional protection to trash unless people manifest “ ‘a subjective expectation of privacy in their garbage that society accepts as objectively reasonable.’” 2004 SD 123, ¶ 14, 689 N.W.2d at 434 (citation omitted). In light of Greenwood and the language of our constitution, this Court also declined “to adopt a blanket rule extending the constitutional protection against unreasonable searches and seizures to trash.” Id. ¶ 17. We used a two-part test to determine whether persons had a recognized privacy interest in their searched trash, similar to the test adopted by the United States Supreme Court. Id.; see also Greenwood, 486 U.S. at 39, 108 S.Ct. at 1625, 100 L.Ed.2d 30. To establish a protected privacy interest in trash, a person (1) must have “ ‘exhibited an actual subjective expectation of privacy’ ” and (2) *347 society must be “willing to honor this expectation as being reasonable.’ ” Schwartz, 2004 SD 123, ¶ 17, 689 N.W.2d at 435 (quoting Cordell v. Weber, 2003 SD 143, ¶ 12, 673 N.W.2d 49, 53 (quoting State v. Lowther, 434 N.W.2d 747, 754 (S.D.1989) (citation omitted))). In Schwartz, we concluded that the defendants failed to meet both prongs of the test and upheld the search. Id. ¶ 19.
[¶ 9.] Here, the circuit court, in ruling that defendant’s trash was deserving of constitutional protection, interpreted certain language from Schwartz and construed the Rapid City Ordinances related to trash collection to hold that reasonable suspicion must exist before law enforcement officers can conduct a trash search. The ordinances, the court declared, granted each citizen of Rapid City, “at minimum, a limited privacy interest” in their trash, because the ordinances “not only control how the garbage is collected, but how an individual citizen must leave or present his or her garbage for collection[.]” Then, because in both Schwartz and Greenwood law enforcement officers had articulable reasons for searching the particular defendant’s trash, the circuit court held that such suspicion was required before defendant’s trash could be searched. See 2004 SD 123, ¶ 19, 689 N.W.2d at 436 (“Agent Even had articula-ble reasons for focusing on the Schwartzes’ trash”); 486 U.S. at 37, 108 S.Ct. at 1627, 100 L.Ed.2d 30 (before the search the investigator received information that the defendant was engaged in narcotics trafficking). The circuit court also found particularly persuasive the rationales in Litchfield v. State, 824 N.E.2d 356, 363-64 (Ind.2005) and State v. A Blue in Color, 1993 Chevrolet Pickup (A Blue Pickup), 328 Mont. 10, 116 P.3d 800, 805 (2005), which both held that articulable individualized suspicion was required before a trash search.
[¶ 10.] Although we noted in Schwartz that the law enforcement officers had articulable reasons to believe that the defendants were committing a crime, this fact does not necessarily mean that reasonable or articulable individualized suspicion is required before any trash search. See 2004 SD 123, ¶ 19, 689 N.W.2d at 436. Rather, a defendant must satisfy the two-part test identified in Schwartz before this Court will find that there is a “sufficient privacy interest in the area searched for constitutional protection to apply[.]” Id. ¶ 17. Absent satisfying these elements, such reasonable expectation of privacy does not exist and there is no “search” subject to constitutional scrutiny under the Fourth Amendment or the South Dakota Constitution.
[¶ 11.] Even if we assume that defendant can satisfy the first prong, establishing that he had an actual subjective expectation of privacy in his trash, the Rapid City Ordinances do not support the contention that there exists an objective expectation of privacy that society is willing to recognize as reasonable. While city ordinances may, in some cases, be reflective of societal expectations of privacy, they do not manifest such an expectation simply because they dictate how persons are to place their trash for collection or how the trash is to be collected.[1] Nothing *348 in these ordinances suggests that Rapid City enacted them to protect a citizen’s interest in garbage privacy. These ordinances were obviously enacted solely to maintain society’s interest in sanitation.
[¶ 12.] Nevertheless, defendant asks that we “find at least a limited, constitutionally protected privacy interest in trash” sitting at the curb because other courts recognize a limited privacy interest. In particular, defendant relies on Litchfield, 824 N.E.2d at 363-64 and A Blue Pickup, 116 P.3d at 805. In Litchfield, the Indiana Supreme Court interpreted its state constitution to conclude that articulable individualized suspicion is required before a trash search. 824 N.E.2d at 360; 363-64. However, Indiana’s state constitutional jurisprudence is distinctly different than South Dakota’s. More than a decade ago, Indiana abandoned the expectation of privacy test used by the United States Supreme Court and our Court to construe Fourth Amendment protections. See id. at 359. Thus, the Indiana Supreme Court declared that trash searches without reasonable suspicion are simply “unreasonable,” without dealing with the expectation of privacy question. Id. at 363-64. And, the Montana Supreme Court, in the case of A Blue Pickup, appended Indiana’s reasonableness test onto its own constitution, without constitutional analysis. 116 P.3d at 805. It held that to “guide the conduct of police in the future,” “articulable individualized suspicion” would be required. Id. But here, except to note an insignificant difference in wording from its federal counterpart, defendant has not identified anything in South Dakota’s constitution that would require reasonable suspicion before a trash search.
[¶ 13.] Defendant does not argue that we should abandon the expectation of privacy test. He simply asks us to adopt the reasoning from the Indiana and Montana courts. This we decline to do. Under our law, defendant has not presented evidence to satisfy the two-part test from Schwartz to establish a privacy interest in his trash deserving of constitutional protection. See 2004 SD 123, ¶ 17, 689 N.W.2d at 435.
[¶ 14.] Reversed.
[¶ 15.] ZINTER, Justice, concurs.
[¶ 16.] GILBERTSON, Chief Justice, concurs in result.
[¶ 17.] SABERS and MEIERHENRY, Justices, dissent.

. Along with his motion to suppress, defendant presented four Rapid City Ordinances for the circuit court to review. The ordinances are located in Title 8 "Health and Safety.” The first ordinance is chapter 8.36 entitled "Smoke Abatement," and pertains to "Restrictions on solid fuel burning devices.” The ordinance prohibits persons from burning inappropriate fuel in any solid fuel burning device.
The next ordinance in the same chapter pertains to "Open burning rules.” This ordi *348 nance contains restrictions on open burning, conditions for open burning approval, and basis for approval.
Still within Title 8, "Health and Safety,” defendant submitted chapter 8.08 entitled "Garbage and Refuse.” This ordinance addresses “Collection and containers — Family domestic units.” It states that the "city shall be solely responsible for all residential garbage and trash collection within new subdivisions in the city.” Those subject to this ordinance will "be issued one automated collection container from the city,” which shall be the "only” container used. Garbage must be placed in the container, bagged and tied. Loose garbage is not permitted and violators can be penalized. The container must be placed "in a location suitable and readily accessible for collection by the automated collection truck on the scheduled collection day.”
Finally, defendant submitted chapter 8.12, entitled "Litter”, which addresses the "Violation — Penally.” In this ordinance, "[v]iolation of any provision of this chapter may be punishable by not more than thirty days in jail or a fine not more than one hundred dollars, or both.”